IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, LLC, FOREST LABORATORIES HOLDINGS, LTD., ALLERGAN USA, INC., and IRONWOOD PHARMACEUTICALS, INC., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) |  C.A. No. _____ |
| | ) |
| SUN PHARMA GLOBAL FZE and SUN PHARMACEUTICAL INDUSTRIES INC. | ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

Plaintiffs Forest Laboratories, LLC, Forest Laboratories Holdings, Ltd., Allergan USA, Inc., and Ironwood Pharmaceuticals, Inc. (collectively, "Plaintiffs"), for their Complaint against Defendants Sun Pharma Global FZE and Sun Pharmaceutical Industries Inc. (collectively, "Sun" or "Defendants"), hereby allege as follows:

## PARTIES

1.      Plaintiff Forest Laboratories, LLC (successor-in-interest to Forest Laboratories, Inc.) is a Delaware limited liability company having a principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.

2.      Plaintiff Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Cumberland House, 1 Victoria Street, Hamilton HM11, Bermuda.

3.      Plaintiff Allergan USA, Inc. is a Delaware corporation having a principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054 (referred to herein, together with Forest Laboratories, LLC and Forest Laboratories Holdings, Ltd., as "Forest").

4.      Plaintiff Ironwood Pharmaceuticals, Inc. ("Ironwood") is a Delaware corporation having a principal place of business at 301 Binney Street, Cambridge, Massachusetts 02142.

5.      Upon information and belief, Defendant Sun Pharma Global FZE is a corporation organized and existing under the laws of Sharjah, United Arab Emirates, having a principal place of business at 704, Jumeirah Business Center 1, Cluster G, Jumeirah Lakes Towers, P.O. Box# 643561, Dubai, United Arab Emirates.  Upon information and belief, Sun Pharma Global FZE manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its agent Sun Pharmaceutical Industries Inc.

6.      Upon information and belief, Defendant Sun Pharmaceutical Industries Inc. is a corporation organized and existing under the laws of Michigan, having its principal place of business at 1 Commerce Drive, Cranbury, New Jersey 08512.  Upon information and belief, Sun Pharmaceutical Industries Inc. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, including as an agent of Sun Pharma Global FZE.

7.      Upon information and belief, Sun Pharmaceutical Industries Inc. is the United States marketing and distributing division and alter ego of Sun Pharma Global FZE, and for purposes of this action, Sun Pharmaceutical Industries Inc. and Sun Pharma Global FZE are effectively the same entity.

**NATURE OF THE ACTION**

8.      This is a civil action for the infringement of United States Patent No. 8,933,030 ("the '030 patent") by Defendants.  This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and arises from the filing of an Abbreviated New Drug Application

2

("ANDA") No. 210494 with the U.S. Food and Drug Administration ("FDA") seeking to commercialize generic versions of Plaintiffs' Linzess® brand linaclotide capsules throughout the United States, including this judicial district, before the expiration of Plaintiffs' applicable patents.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.      This Court has personal jurisdiction over the Defendants by virtue of, *inter alia*, the fact that the Defendants have committed, or aided, abetted, induced, contributed to, and/or participated in the commission of, a tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs in Delaware.  The Defendants have participated in the preparation and/or filing of an ANDA seeking approval to market and sell a generic version of Plaintiffs' branded product, Linzess®, and have distribution channels and plans to market and sell the generic product throughout the United States, including in this judicial district, before Plaintiffs' applicable patents expire.  This Court has personal jurisdiction over the Defendants for the additional reasons set forth below and for other reasons that will be presented to the Court if such personal jurisdiction is challenged.

11.      This Court has personal jurisdiction over Defendant Sun Pharma Global FZE by virtue of, *inter alia*: (1) its presence in Delaware, including through its agent Defendant Sun Pharmaceutical Industries Inc.; and (2) its systematic and continuous contacts with Delaware, including through its agent Defendant Sun Pharmaceutical Industries Inc.  Upon information and belief, Sun Pharma Global FZE is amenable to litigating in this forum based on Sun Pharma Global FZE's conduct in multiple prior litigations in this District.  For example, Sun

Pharma Global FZE did not contest jurisdiction in Civil Action No. 09-630 (D.I. 9), Civil Action No. 10-112 (D.I. 76), Civil Action No. 10-1085 (D.I. 16), Civil Action No. 13-1218 (D.I. 10), Civil Action No. 14-121 (D.I. 32), Civil Action No. 15-540 (D.I. 12), Civil Action No. 15-1208 (D.I. 11), Civil Action No. 16-882 (D.I. 14), and Civil Action No. 17-409 (D.I. 10).

12.    This Court has personal jurisdiction over Defendant Sun Pharmaceutical Industries Inc. by virtue of, *inter alia*: (1) its presence in Delaware, including as an agent of Defendant Sun Pharma Global FZE; and (2) its systematic and continuous contacts with Delaware. Upon information and belief, Sun Pharmaceuticals Industries Inc. purposefully has conducted and continues to conduct business in this judicial district, and has maintained and continues to maintain a regular and established place of business in this judicial district by virtue of its permanent and continuous presence in this district. Upon information and belief, Sun Pharmaceutical Industries Inc. is registered to do business in Delaware as a foreign corporation, with filing number 5615437. Upon information and belief, Sun Pharmaceutical Industries Inc. has a designated agent in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Upon information and belief, Sun Pharmaceutical Industries Inc. holds a Pharmacy Wholesale License from the State of Delaware under License Nos. A4-0002107 and A4-0002148. Upon information and belief, Sun Pharmaceutical Industries Inc. holds a Distributor/Manufacturer License for Controlled Substances from the State of Delaware under License Nos. DM-0010171 and DM-0010549. Upon information and belief, Sun Pharmaceutical Industries Inc. is amenable to litigating in this forum based on Sun Pharmaceutical Industries Inc.'s conduct in multiple prior litigations in this District. For example, Sun Pharmaceutical Industries Inc. did not contest jurisdiction in

4

Civil Action No. 15-540 (D.I. 12) and Civil Action No. 16-882 (D.I. 11).  Upon information and belief, Sun Pharmaceutical Industries Inc. manufactures and/or distributes generic drugs for sale and use throughout the United States and in this judicial district at the direction, under the control, and for the direct benefit of Sun Pharma Global FZE.

13.  Venue is proper in this judicial district as to all Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS

14.  On January 13, 2015, the '030 patent, titled "Treatments For Gastrointestinal Disorders," was duly and lawfully issued by the USPTO.  The USPTO issued a certificate of correction for the '030 patent on August 4, 2015.  Ironwood is the sole owner of the '030 patent.  Forest is the exclusive licensee of the '030 patent with respect to commercializing pharmaceutical products containing linaclotide in the United States.  A copy of the '030 patent, including its certificate of correction, is attached hereto as Exhibit A.

15.  Forest Laboratories, LLC holds New Drug Application ("NDA") 202-811 for Linzess® brand linaclotide capsules.  Linzess® is approved for the treatment of irritable bowel syndrome with constipation ("IBS-C") and chronic idiopathic constipation ("CIC").  The '030 patent is listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Linzess®.

16.  Allergan USA, Inc. is the exclusive distributor of Linzess® in the United States.

## ACTS GIVING RISE TO THIS ACTION

### Patent Infringement by Sun

17.  Upon information and belief, on or before May 16, 2017, Sun submitted ANDA No. 210494 to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C.

§ 355(j)).  ANDA No. 210494 seeks FDA approval for the commercial manufacture, use, and sale of generic capsule products containing 145 μg and 290 μg of linaclotide as the active ingredient ("the Sun Generic Products").  ANDA No. 210494 specifically seeks FDA approval to market the Sun Generic Products prior to the expiration of United States Patent Nos. 8,748,573 ("the '573 patent") and 8,802,628 ("the '628 patent"), and the '030 patent.

18.     Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 210494 alleges, *inter alia*, that the claims of the '573 patent, the '628 patent, and the '030 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Sun Generic Products.  Upon information and belief, ANDA No. 210494 does not contain any allegations under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act with respect to other patents listed in the Orange Book for Linzess®.  None of the Plaintiffs received written notification of ANDA No. 210494 and its § 505(j)(2)(A)(vii)(IV) allegations with respect to the '573 patent, the '628 patent, and the '030 patent any earlier than May 17, 2017.

19.     Sun's submission of ANDA No. 210494 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of one or more of Claims 6, 18, and 19 of the '030 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, if Sun commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, the Sun Generic Products, or induces or contributes to any such conduct, it would further infringe these claims of the '030 patent under 35 U.S.C. § 271(a), (b), and/or (c).

20.     Sun has infringed these claims under 35 U.S.C. § 271(e)(2)(A), and will further infringe one or more of these claims under 35 U.S.C. § 271(a), (b), and/or (c), because, *inter alia*, the Sun Generic Products and the methods of using the Sun Generic Products, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert

will meet each and every claim element of one or more of Claims 6, 18, and 19 of the '030 patent, either literally or under the doctrine of equivalents.  Relying on representations set out in Sun's notice of Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95, Plaintiffs do not allege at this time that the Sun Generic Products infringe the '573 patent or the '628 patent.  To the extent that discovery in this action demonstrates that assertion of the '573 patent and/or the '628 patent against the Sun Generic Products is warranted, Plaintiffs reserve the right to assert them.

21.   Upon information and belief, each of Sun Pharma Global FZE and Sun Pharmaceuticals Industries Inc. has participated in, contributed to, aided, abetted, and/or induced infringement of the '030 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '030 patent once the Sun Generic Products are commercially made, used, offered for sale, or sold in the United States, or imported into the United States.  Each of Sun Pharma Global FZE and Sun Pharmaceuticals Industries Inc. is jointly and severally liable for the infringement of the '030 patent.

22.   Upon information and belief, Sun has knowledge that if it were to receive approval from the FDA to market the Sun Generic Products described in ANDA No. 210494 and make the Sun Generic Products available for sale and/or use by others, *e.g*., by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '030 patent, such activities would result in the sale and/or use of a product especially made for an infringing use.  Upon information and belief, Sun has knowledge of such infringing use and also knows that the products described in ANDA No. 210494 are not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather are especially made and/or adapted for use in the direct infringement of the '030 patent.

23.    Upon information and belief, Sun was aware of the '030 patent prior to filing ANDA No. 210494, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to that patent. Upon information and belief, the proposed label for the Sun Generic Products will induce others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '030 patent, and based on Sun's § 505(j)(2)(A)(vii)(IV) allegations, Sun possesses the specific intent to encourage others to infringe.

24.    Sun's actions render this an exceptional case under 35 U.S.C. § 285.

25.    Plaintiffs will be irreparably harmed by Sun's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    That Sun has infringed the '030 patent;

B.    That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Sun's ANDA identified in this Complaint shall not be earlier than the expiration date of the '030 patent, including any extensions or exclusivities;

C.    That Sun Pharma Global FZE, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Sun Generic Products, and any other product that infringes or induces or contributes to the infringement of the '030 patent, prior to the expiration date of the '030 patent, including any extensions or exclusivities;

D.    That Sun Pharmaceuticals Industries Inc., its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are

8

preliminarily and permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United States, the Sun Generic Products, and any other product that infringes or induces or contributes to the infringement of the '030 patent, prior to the expiration date of the '030 patent, including any extensions or exclusivities;

E.      That Plaintiffs be awarded monetary relief if Sun commercially makes, uses, offers for sale, or sells in the United States, or imports into the United States, the Sun Generic Products, or any other product that infringes or induces or contributes to the infringement of the '030 patent, prior to the expiration of the '030 patent, including any extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

F.      That Plaintiffs be awarded the attorneys' fees, costs, and expenses that they incur prosecuting this action under 35 U.S.C. § 285; and

G.      That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Peter J. Armenio, P.C.
Robert B. Wilson
Krista M. Rycroft
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue
New York, NY  10010
(212) 849-7000

Gregory A. Morris
Vikram A. Mathrani
HONIGMAN MILLER SCHWARTZ
 & COHN LLP
One South Wacker Drive
Chicago, IL  60606
(312) 701-9300

June 30, 2017

10